IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JENNIFER WALLS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRANSAMERICA OCCIDENTAL LIFE )<br>INSURANCE COMPANY AND DARYL )<br>BENNETT, )<br>)<br>Defendants. ) | Civil Action No. 3:06-cv-474 |

## STIPULATED PROTECTIVE ORDER

Pursuant to the stipulation of the parties through their respective counsel, it is hereby ORDERED, as follows:

1. Any party may designate any documents, materials, or other information produced or disclosed to the other party during discovery which contains business, financial, medical, personal, or tax information or other confidential information as "Confidential Information." Such designation shall be made by typing or stamping on the face of such documents the word "CONFIDENTIAL," or otherwise making known in writing such designation.

2. Any party may, on the record of any deposition taken in this matter or by written notice to the opposing counsel no later than fourteen (14) days after receipt of a deposition transcript, designate portions thereof meeting the criteria of Paragraph No. 1 as "Confidential." During the fourteen (14) days, all transcripts and information contained therein will be deemed to be "Confidential" or otherwise treated as "Confidential" and shall be deemed to be "Confidential Information" under the terms of this Order.

3.  If any party objects to the designation of any document or other material as Confidential Information, that party may apply to the Court for a ruling that the document or other information shall not be accorded such status and treatment, after giving to the other party a minimum of seven (7) days' prior written notice by facsimile transmission of such application. Until the Court enters an order changing the designation of such documents or information, such document or information shall continue to be protected as provided in this Order.

4.  Except as otherwise provided herein, Confidential Information produced to opposing counsel may not be copied or reproduced in any form, and the content or substance thereof may in no way be shown, divulged, or otherwise communicated to any person or entity, except in connection with this specific complaint and then only to the following personnel:

   a) The Court and its employees assigned to work on this case including, but not limited to, stenographic reporters who are engaged during depositions and trial of the above-captioned action;

   b) Attorneys of record in this matter, their partners or associate attorneys assisting attorneys of record, and employees of counsel of record who are engaged in work of this matter under the direct supervision of counsel of record including, but not limited to, paralegal assistants, stenographic and clerical employees;

   c) Court reporters in the performance of their official duties;

   d) The Plaintiff in this case;

   e) Defendants, Transamerica Occidental Life Insurance Company and Daryl Bennett, and employees of Transamerica Occidental Life Insurance Company, who are actually engaged in the preparation and defense of this case; and

   f) Experts consulted or retained by any party in connection with the preparation of this case for trial.

5.  Before receiving or being shown any Confidential Information or information therefrom, all such persons shall be advised by the respective counsel of record that they are bound by this Order.

6. Should any party desire to use any Confidential Information during the course of this litigation, including but not limited to any filing with the Court, the party shall so advise the opposing party and upon the request of either party such Confidential Information shall be kept sealed.

7. All copies of documents produced by a party to the opposing party, including transcripts, and summaries thereof, containing Confidential Information shall, promptly at the conclusion of the trial of this matter, be returned by the opposing party receiving such documents to the party who produced the documents. Counsel shall upon request promptly provide the opposing party's counsel with his or her affidavit attesting to the return of all such materials, and verifying that no copies or duplicates have been retained by any firm or person.

8. Nothing herein and no action taken under this Order shall constitute a waiver or admission that any specific document, material, testimony or thing: (a) is relevant and subject to discovery; (b) is or is not confidential proprietary information; (d) constitutes or does not constitute confidential records; or (d) is or is not admissible in evidence at trial or at any hearing. The production of any documents or information that the producing party claims to be privileged shall be governed by the facts and applicable law.

9. Nothing in this Order shall be deemed to preclude the admission into evidence in this case of Confidential Information, and the parties herein have reserved all rights to seek admission into evidence in this case of Confidential Information or to object to the admissibility of such material.

SIGNED this 10th day of January, 2003.

Carl Horn, III
UNITED STATES ~~DISTRICT~~ JUDGE
MAGISTRATE

-3-

STIPULATED TO:

Fosbinder & Van Kampen
Attorneys at Law
1515 Mockingbird Lane, Suite 218
Charlotte, North Carolina 28209
(704)522-7500

By: _____
      Joshua Van Kampen

ATTORNEYS FOR PLAINTIFF


Jackson Lewis, LLP
One Liberty Square
55 Beattie Place, Suite 800
Greenville, South Carolina 29601
(864)232-7000

By: _____
      Ingrid Blackwelder Erwin

ATTORNEYS FOR DEFENDANTS